UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHILLIP OWENS,

    Petitioner,

    v.      CAUSE NO. 3:25-CV-474-PPS-APR

WARDEN,

    Respondent.

## OPINION AND ORDER

Phillip Owens, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for unlawful possession of a firearm, residential entry, and public intoxication under Case No. 35C01-2306-F4-182. Following a jury trial, on June 17, 2024, the Huntington Circuit Court sentenced him to twelve years of incarceration. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of a habeas petition, I must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). In the petition, Owens asserts various claims of trial counsel error, trial court error, and prosecutorial misconduct. Indiana courts have explained a convicted individual's judicial remedies as follows:

> Postconviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the postconviction

> rules. If an issue was known and available, but not raised on direct appeal, it is waived. If it was raised on appeal, but decided adversely, it is res judicata. If not raised on direct appeal, a claim of ineffective assistance of trial counsel is properly presented in a postconviction proceeding. A claim of ineffective assistance of appellate counsel is also an appropriate issue for postconviction review. As a general rule, however, most free-standing claims of error are not available in a postconviction proceeding because of the doctrines of waiver and res judicata.

*Timberlake v. State*, 753 N.E.2d 591, 597–98 (Ind. 2001). Review of the electronic docket for the State courts[1] indicates that Owens has completed his direct appeal and that his post-conviction proceedings remain pending. On direct appeal, he presented the claim that the trial court improperly admitted evidence obtained during an unlawful search, so at least one habeas claim is exhausted. He did not present any claims of trial counsel error on direct appeal, so they remain available on post-conviction review and are unexhausted habeas claims. Consequently, I find that some of Owens' claims are exhausted and that some of his other claims are unexhausted.[2]

I am not permitted to adjudicate a mixed petition containing both exhausted and unexhausted claims because the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Indeed, "it would be unseemly in our dual system of

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

[2] I make no finding with respect to whether any exhausted claims are also procedurally defaulted. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("[I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id*. at 274. Because I cannot rule on the habeas petition as it stands, Owens must inform the court as to how he wants to proceed.

Owens could file an amended petition omitting any unexhausted claims, which would allow the court to consider whether the remaining claims entitle him to habeas relief. However, this option risks forfeiting the chance to ever raise any other claims in a federal habeas petition. If he continues with this case, he will not be able to file another habeas corpus petition challenging this conviction unless he receives authorization from the United States Court of Appeals for the Seventh Circuit, which may be granted only under narrow circumstances. *See* 28 U.S.C. § 2244(b).

Alternatively, Owens could file a motion to voluntarily dismiss this case, exhaust any unexhausted claims in State court, and seek federal review on all of his habeas claims at the conclusion of State post-conviction proceedings. Though a stay is not appropriate in all cases, it may be appropriate if the petitioner has insufficient time to file a timely federal habeas petition following the conclusion of State post-conviction proceedings. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). The one-year limitations period for federal habeas review began to run on February 18, 2025, when the time to petition the Indiana Supreme Court for transfer on direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); Ind. R. App. 57(C)(2) (petition to transfer must be filed within 30 days in rehearing is sought). However, when Owens initiated State post-conviction proceedings just two months later on April 29, 2025, the limitations period became

3

tolled under Section 2244(d)(2) and will remain tolled until their conclusion, including appeals. Therefore, dismissing this case will not effectively end Owens' chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claims in State court. Therefore, a stay is not appropriate for this case.

For these reasons, the Court:

(1) **GRANTS** Phillip Owens until <u>July 17, 2025</u>, to file an amended petition or a motion to dismiss consistent with this Order; and

(2) **CAUTIONS** Phillip Owens that, if he does not respond by this deadline, this case will be dismissed without further notice.

**SO ORDERED**.

ENTERED: June 17, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT